IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.:  3:12-cr-495 |
| | ) | |
| | ) | Judge Zouhary |
| | ) | |
| VS. | ) | **MOTION TO WITHDRAW** |
| | ) | **PLEA OF GUILTY WITH** |
| | ) | **MEMORANDUM IN SUPPORT** |
| | ) | |
| | ) | John Thebes (0042277) |
| RANDOLPH  LINN | ) | 405 Madison Avenue, Suite 1000 |
| | ) | Toledo, Ohio  43604 |
| | ) | 419.242.1400 |
| | ) | Attorney for Defendant |

Defendant, by and through counsel, moves to withdraw the guilty plea tendered before this Court on December 19, 2012, pursuant to Federal Rules of Criminal procedure 11(d)(2)(B).

Respectfully submitted,

<u>/S/ John Thebes</u>
John Thebes
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

A copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Respectfully submitted,

<u>/s/ John Thebes</u>
John Thebes
Attorney for Defendant

**MEMORANDUM IN SUPPORT**

A. Procedural History

The Defendant entered a guilty plea to all counts contained in the superseding indictment on December 19, 2012. A binding plea agreement between the Defendant and the Government was executed at the change of plea hearing as well. The guilty pleas were accepted by the Court on December 19, 2012, and a sentencing date of April 16, 2013, was established by the Court. On January 22, 2013, the Defendant sent a letter to the Court which is best described as a "Withdrawal of Plea Request". The motion was inadequately written and Defendant filed a formal motion to withdraw this original request. Document #22. Defendant has filed the instant motion to withdraw his guilty pleas pursuant to the Federal Rules of Criminal Procedure and the following case law which will support the motion.

B. Legal Precedent and Statement of Applicable Law

**Federal Rules of Criminal Procedure 11(d)(2)(B)** states in pertinent part that, "a defendant may withdraw a plea of guilty after the Court accepts his plea of guilty but before sentencing if the defendant can show a fair and just reason for requesting the withdrawal". This standard established by the Rules of Criminal Procedure regarding a "fair and just reason" is identical to the general standard articulated by the United States Supreme Court in **U.S. v. Hyde**, 520 U.S. 670 (1997). A motion to

withdraw a guilty plea should be granted generously and applied liberally. **U.S. v. Ensminger**, 567 U.S. 587, 590 (9th Circuit, 2009).

In determining whether a "fair and just reason" exists for withdrawal of a defendant's guilty plea, most district courts consider whether: (1) the defendant asserts his innocence; (2) the defendant proffered strong reasons justifying the withdrawal; and (3) the government would be prejudiced by the withdrawal. **U.S. v. Martinez**, 785 F.2d 111, 114 (3rd Circuit, 1986). One of the additional factors courts consider heavily is whether newly discovered evidence has been introduced that was not considered at the time of the guilty plea. **U.S. v. Jones**, 472 F.3d 1136 (9th Circuit, 2007).

Finally, it should be noted that the Sixth Circuit Court of Appeals articulated a more specific set of factors for a court to consider in this situation: (1) whether the movant asserted a defense or has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4)the circumstances underlying the entry of the guilty plea, the nature and background of the defendant, and whether the defendant has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted. **U.S. v. Goldberg**, 862 F.2d 101 (6th Circuit, 1988).

C.   Defendant Motion to Withdraw His Guilty Plea Should be Granted

The record of docket entries in this matter is void of any written or oral motions regarding Defendant's mental state at the time of the alleged offenses (**Federal Rules of Criminal Procedure 12.2 (A)**),  or Defendant's competence (**18 U.S.C. 4241**) during the pendency of this matter from the time of his arrest.  No requests were made by Defendant for the assistance of any psychological expert regarding the potential for an insanity plea or possible questions surrounding Defendant's competence to tender a guilty plea.

At the Change of Plea hearing the Court engaged the Defendant by asking questions concerning his particular motivation to commit these offenses.  The answers given by the Defendant are striking and form the basis for allowing Defendant to withdraw his guilty pleas.  The answers given to the Court reflect the jumbled mind of the Defendant at the time of the offense and seriously call into question the fact that no motions were filed regarding insanity and/or competence to stand trial.  These passages are as follows:

"THE COURT: So was this impulsive, or was this something you thought about for a period of time?

"THE DEFENDANT: No, I definitely did not think about it. It's something I just jumped up and did." **Transcript, p. 38, line 14-17.**

"THE COURT: How long did it take you to drive here and get there? So you had a certain amount of time to be thinking about this while you were driving, and apparently nowhere along the way did you stop and slap yourself and say, man, this is a dumb idea?

"THE DEFENDANT: Yeah I know, yeah. On the way going—coming back I thought what in the heck did I just do? I couldn't believe I just did it. I never been in trouble before. What made me do that, I don't know. I guess we'll never know. **Transcript, p. 41, line 8-17.**

Certainly, counsel for Defendant is by no means an expert in clinical psychology and is not suggesting that the Defendant was definitely insane at the time the offenses occurred or definitely incompetent to stand trial. However, the above-referenced colloquies give one a rather limited insight into the mind of the Defendant and are evidence that this motion is not based on speculation or "pleader's remorse". The "fair and just reason" underlying this motion is that Defendant may not have been criminally responsible for his own admitted actions. If this Court allows the

Defendant to withdraw his pleas of guilty, then the road is paved for a psychologist to assist the defense in the possible presentation of a Crim. R. 12.2 defense.

While the above- listed legal precedent regarding a motion to withdraw a guilty plea is well-settled it is inapplicable to a unique situation as this. To adhere blindly to a rigid test using the "factors" as applied by previous courts to the case at bar is to not recognize what has transpired in this matter. To wit: the defendant commits an unspeakable act and cannot articulate to the Court any plausible motivation other than the vague references to "guessing as to what made me do it". During the pendency of this case there were no motions filed regarding defendant insanity or competency. Then, at the change of plea hearing there is an indication from the defendant on the record that evidences a possible issue of insanity at the time of the offenses.

The question of whether the Defendant committed the acts is now secondary to the issue of whether he maintained the sufficient state of mind in committing these offenses to be convicted in the first instance. An analysis of the sufficiency of this motion may point to the motion's demise if viewed solely with the above-listed "factors" in mind. However, when viewed in the context of the referenced insanity and competence issues present in the mind of the Defendant, the reasons for the motion become entirely fair and eminently just. Simply stated, the Defendant may be insane and/or incompetent-thereby allowing him to withdraw his guilty plea. The case must revert back to the point where the Defendant is examined for an insanity

defense by a psychologist as well as possible competency issues. This can only occur if the motion is granted.

    The Defendant submits that credible questions exist regarding his mental state at the time the offenses occurred and possibly at the plea hearing. The uncertainty regarding his mental state is a "fair and just reason" for allowing the motion to be granted. Only then can a psychological expert truly diagnose the Defendant's questioned sanity and/or competence.

    Respectfully submitted,

/s/ John Thebes
John Thebes
Attorney for Defendant