# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:12CR495 |
| | : | 3:16CV1484 |
| Plaintiff-Respondent, | : | |
| | : | JUDGE JACK ZOUHARY |
| vs. | : | |
| | : | **PETITIONER'S MOTION FOR** |
| RANDOLPH LINN, | : | **RECONSIDERATION OF COURT'S** |
| | : | **ORDER UNDER FED. R. CIV. P. 59(E)** |
| Defendant-Petitioner. | : | |

Defendant-Petitioner Randolph Linn, through counsel, respectfully moves this Court to reconsider its June 22, 2016 Order Denying Motion for Relief. (Doc. 46, Order); Fed. R. Civ. P. 59(E). Specifically, Mr. Linn respectfully moves this Court to reconsider its opinion that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not apply to his case and that the holding in *Taylor v. United States* controls. In the alternative, Mr. Linn respectfully moves this Court to grant Mr. Linn a certificate of appealability and reconsider its denial of appointment of counsel. A more detailed memorandum is attached.[1]

                                                                       Respectfully submitted,

                                                                        */s/ Claire C. Curtis*
                                                                        CLAIRE C. CURTIS
                                                                        Attorney at Law
                                                                        Office of the Federal Public Defender
                                                                        1660 W. 2nd Street, Suite 750
                                                                        Cleveland, Ohio 44113
                                                                        Phone: (216) 522-4856
                                                                        Fax: (216) 522-4321
                                                                        claire_curtis@fd.org

                                                                        Counsel for Randolph Linn

---

[1] Mr. Linn's time for filing a Notice of Appeal from this Court's June 22, 2016 Order is tolled by virtue of the instant Motion for Reconsideration. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

1

**MEMORANDUM**

**I.      This Court Should Reconsider Its Decision and Grant Mr. Linn Relief.**

This Court denied Mr. Linn's Motion for Relief under 28 U.S.C. § 2255, concluding that based on *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) (White, J., dissenting), there "is nothing more for this Court to add." (Doc. 46, Order, Page ID 250). This Court should reconsider its decision denying Mr. Linn relief, as *Taylor* was wrongly decided and is an outlier among the circuits. In the alternative, this Court should grant Mr. Linn a certificate of appealability in this case, as well as reconsider its denial of appointment of counsel.

In *Taylor v. United States*, 814 F.3d 340, 375-76 (6th Cir. 2016), the Sixth Circuit held that 18 U.S.C. § 924(c)(3)(B) is "considerably narrower" than the statute invalidated by *Johnson* and declined to apply *Johnson*'s reasoning. However, the *Taylor* Court noted a circuit split on the issue, citing to contrary decisions from the Seventh and Ninth Circuits. *Id.* at 379 (citing *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015)). Other circuits have noted, without ruling, that the question remains unresolved among the circuits. *See, e.g., In re Colon*, _ F.3d _, 2016 WL 3461009, *3 (11th Cir., June 24, 2016).

There is also a circuit split regarding whether defendants should be granted permission to file a second or successive habeas petition under *Johnson* when they were sentenced under 18 U.S.C. § 924(c)(3)(B). *See In re Fields*, 2016 WL 3383460, *1 (June 17, 2016) (compiling cases). The Second, Fourth, Seventh, Ninth, and Eleventh Circuits have all granted second or successive petitions on those grounds, whereas the First Circuit has denied permission. *Id.* That split is further support of the disagreement among the circuits on *Johnson*'s application to § 924(c)(3)(B).

Moreover, Judge White wrote a lengthy dissent in *Taylor*, in which she reasoned that § 924(c)(3)(B) "is substantially similar" to the ACCA's residual clause "and suffers from the same pair of infirmities that rendered the residual clause unconstitutional." *Taylor* at 394. The dissent also dispensed with the majority's contention that the Supreme Court's repeated failures in applying the ACCA's residual clause is dispositive. *Id.* at 397. Therefore, Judge White explained she would vacate Taylor's two convictions and remand for resentencing. *Id.* at 398.

The decision in *Taylor*, at best, stands on shifting sands. Of the three circuits to definitively look at the issue of *Johnson*'s application to § 924(c)(3)(B), only the Sixth Circuit held it did not apply. *Taylor* at 375-76. *Compare Vivas-Ceja*, 808 F.3d at 723; *Dimaya*, 803 F.3d at 1120. The *Taylor* decision is an outlier and is further undermined by a substantial dissent advocating for aligning the Sixth Circuit with its sister circuits. *Taylor* at 394-98. This Court should decline to apply *Taylor* and instead apply the reasoning in *Vivas-Ceja* and *Dimaya* to grant Mr. Linn relief.

## II. This Court Should Grant Mr. Linn a Certificate of Appealability.

Alternatively, if this Court is bound by the decision in *Taylor*, a certificate of appealability is appropriate here. Under Rule 11(a) of the Rules Governing 2255 Cases, the district court "<u>must issue or deny</u> a certificate of appealability when it enters a final judgment adverse to the applicant." (Emphasis added). Here, this Court's Order denied Mr. Linn relief but did not address whether he was entitled to a certificate of appealability. A certificate of appealability should now be granted.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability should issue when the applicant "has made a substantial showing of the denial of a constitutional right." Here, Mr. Linn's constitutional rights were violated when the unconstitutionally vague language in 18

U.S.C. § 924(c)(3)(B) was used to enhance his sentence. Mr. Linn's conviction for use of fire or explosive under § 844(h) was not a crime of violence as defined by § 924(c)(3)(B) but for the statute's unconstitutionally vague residual clause language.

To obtain a certificate of appealability, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal citations omitted). Further, a certificate of appealability "does not require a showing that the appeal will succeed." *Id.* at 337. Rather, it is sufficient for a petitioner to demonstrate that "the issues presented are adequate to deserve encouragement to proceed further." *Savoca v. United States*, 567 F.3d 802, 803 (6th Cir. 2009).

The legal issue in Mr. Linn's case is in flux. The *Taylor* Court acknowledges its decision conflicts with the Seventh and Ninth Circuits. *Taylor* at 379. Additionally, of the six circuits to decide whether permission should be granted to file a second or successive petition based on *Johnson*'s application to § 924(c)(3)(B), five out of six circuits decided permission was warranted. The division among the circuits support that the issue is adequate to deserve encouragement to proceed to an appeal.

A certificate of appealability would allow Mr. Linn to challenge *Taylor* as a wrongly decided and poorly reasoned outlier decision. It would also preserve his ability to take his case to the United States Supreme Court, the appropriate venue for resolving circuit splits, following any appeal to the Sixth Circuit. The Supreme Court has not ruled on the question. Because a circuit split exists an on the issue, reasonable jurists would at least find resolution of the legal question here debatable. As a result, a certificate of appealability is appropriate in this case.

### III. This Court Should Appoint Counsel to Mr. Linn.

The interests of justice support appointment of counsel in this case. First, Mr. Linn is indigent and untrained in the law. However, undersigned counsel recognizes appointment of counsel in 28 U.S.C. § 2255 proceedings is discretionary. This Court should exercise that discretion based on the circuit split at issue here and the complex nature of the legal questions raised by Mr. Linn's case.

Further, even if this Court declines to appoint counsel in the instant case, this Court should grant appointment for purposes of appeal. Mr. Linn will struggle to represent himself in a complex habeas appeal. The circuit split on the legal issue in his case and the constantly evolving nature of the law post-*Johnson* merit the assistance of counsel. Undersigned counsel requires appointment in order to represent Mr. Linn on appeal. Therefore, Mr. Linn respectfully moves this Court to reconsider the denial of counsel in this matter or to appoint counsel in pursuing an appeal from this Court's Order.

Respectfully submitted,

*/s/ Claire C. Curtis*
CLAIRE C. CURTIS
Attorney at Law
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: (216) 522-4856
Fax: (216) 522-4321
claire_curtis@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2016, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail.

/s/ Claire C. Curtis
CLAIRE C. CURTIS

Counsel for Randolph Linn